JACOB JAMER, Appellant, v. EMMA E. JACOBS and CHARLES H. JACOBS, Respondents.

*Partnership accounting — responsibility for the bookkeeping.*

In an action brought by one member of a partnership against his copartners for an accounting, and to obtain a judgment charging upon the defendants an apparent deficiency of assets, the plaintiff claimed that the defendants were especially charged with the duty of keeping the books, and should be held responsible if any assets were missing, it appearing that for two years, at the outset of the business, the defendants' representative in the firm, did, in fact,

keep the books, but that as the business grew, his attention was given to other duties, and the accounts were kept by various subordinates, subject to the orders of all the partners.

*Held,* that the defendants were not shown to have assumed such responsibility;

That it was not clear that had the defendants kept the books, they would be held responsible to make good any apparent loss;

That a failure to keep a "suspense account" during thirteen years, though it might well, at the end of that time, result in an apparent deficiency of assets, did not indicate any wrongful disposition of the firm property.

APPEAL by the plaintiff, Jacob Jamer, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of Kings county on the 21st day of June, 1892, upon the report of a referee.

*A. J. Perry,* for the appellant.

*Stephen R. Jacobs,* for the respondents.

PRATT, J.:

The action is brought to settle the accounts of a copartnership, and also seeks to charge upon defendants an apparent deficiency of assets.

The referee declined to hold either partner responsible for such deficiency, which he found to be rather apparent than real, and due to a faulty system of bookkeeping, and decided that the plaintiff, who was the liquidating partner, was indebted to the defendants upon a settlement of the accounts.

We have examined the grounds of both these results, and find them sustained by the evidence.

The appellant claims that defendants were especially charged with the duty of keeping the books, and should be held responsible if any assets are missing.

We do not find them to have assumed such responsibility.

From 1872 to 1874, at the outset of the business, it seems that defendants' representative in the firm did, in fact, keep the books, but, as the business grew, his attention was given to more active duties, and the accounts were kept by various subordinates, at least four having been thus employed, subject to the orders of all the partners. Nor is it clear that had defendants kept the books they

would be held to make good any apparent loss. We also find that the evidence sustains the finding that the books were so kept as truthfully to represent the transactions.

The failure to keep a "suspense account" during thirteen years, though it might well at the end of that time result in an apparent deficiency of assets, did not indicate any wrongful disposition of the firm property which the referee correctly held was not established.

The proof sustains the report as to the balance found owing by the plaintiff. There was no dispute that the property was divided at the dissolution, $18,854.21 to plaintiff, and $14,793.30 to defendants, by which plaintiff became chargeable with $2,030.45.

Nor is there any question that plaintiff as liquidating partner received $45,817.32 cash assets.

He is given credit for $22,825, paid out in settlement of the firm affairs, leaving him chargeable with $22,992.30, of which one-half belonged to defendants. He is credited with paying $9,157.95 of this amount to defendants. It is not suggested that he made any further payments, and the balance found against him is justified.

For a large amount of the payments credited to plaintiff no vouchers were produced, and it is not easy to see how he was entitled to be allowed for the payments.

The referee was equally indulgent to plaintiff in respect to interest. The affairs were liquidated, and defendants should have been paid their shares in July, 1886, yet interest was only allowed from January, 1887.

There are no exceptions to evidence which have injured plaintiff, and the judgment is affirmed, with costs.

BARNARD, P. J., and DYKMAN, J., concurred.